

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARTHA NIMMER
*Assistant Corporation Counsel*
Cell: (917) 499-8632

June 6, 2022

**VIA ECF**
Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *S.K. v. New York City Dep't of Educ.*, 21-cv-7291 (PAE)(SN)

Dear Judge Engelmayer:

      I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.*, as well as for this action.

      I write to respectfully request that the initial conference scheduled for June 9, 2022 be adjourned *sine die*, and that the parties instead be permitted to submit a proposed briefing schedule by June 27, 2022. Plaintiffs do not consent to this request, indicating that they are reviewing the settlement offer and think it is inappropriate to agree to adjourn the conference, but state that they are agreeable to setting a briefing schedule as follows: Plaintiffs' motion for fees due August 5, 2022; Defendant's opposition due September 2, 2022 and Plaintiffs' reply due September 23, 2022

      This is the fourth request to adjourn the conference *sine die*. The original date for the conference was April 6, 2022. Defendant makes this request to reserve the Court's resources in light of Defendant's having fully valued this request for attorneys' fees and costs, as set forth

in more detail below, and because Defendant will not be able to offer any further amount to resolve this case.

The parties attempted to settle this matter, but were unsuccessful. Thereafter, on June 3, 2022, Defendant served a formal offer of $90,000.00 pursuant to the IDEA, 20 U.S.C. §. 1415(i)(3)(D),[1] dated June 3, 2022 ("Offer"), guided by hourly rates set by many Judges of this District in recent months, including by Your Honor in *H.A. v. N.Y.C. Dep't of Educ.*, 20-cv-10785, where hourly rates for senior IDEA litigation attorneys were assigned well below the hourly rate billed by Michele Kule-Korgood in this case. The Offer, should it prove (as we believe it will) more favorable than any award of this Court for fees and costs accrued as of the date of the Offer, will serve to cut off any recovery for work performed beyond that date.

Guided by Your Honor's decisions in *H.A.* as well as in *C.D. v. Minisink Valley Central School District*, 17-cv-7632 (PAE), 2018 U.S. Dist. LEXIS 134646 (S.D.N.Y. Aug. 9, 2018) as well as by the IDEA's written offer provisions (which explicitly echo Fed. R. Civ. P. 68 in its substance and settlement-encouraging purposes), Defendant has determined that not only would it be unable to obtain authority exceeding its written offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides. In short, should Plaintiffs' counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to for further negotiation, the purpose and intended effect of such offers will be lost.

Accordingly, Defendant respectfully requests that the initial conference scheduled for June 9, 2022 be adjourned *sine die*, and that the parties submit a briefing schedule no later than June 27, 2022, in the event Plaintiff does not accept Defendant's formal offer, which expires in seven days' time.

Thank you for considering these requests.

Respectfully submitted,

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys' fees and related costs for certain services
(i) In general. Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
    (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
    (II) the offer is not accepted within 10 days; and
    (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

/s/
Martha Nimmer, Esq.
Special Assistant Corporation Counsel

cc: Michele Kule-Korgood, Esq. (via ECF)
Ellen Saideman, Esq. (via ECF)

Due to the Court's trial schedule, the initial pretrial conference previously scheduled for June 9, 2022 at 10 a.m. is hereby adjourned until June 16, 2022, at 10 a.m. The conference will not be further adjourned. By June 10, 2022, the parties are to submit a joint letter and proposed case management plan, including a proposed briefing schedule. *See* Dkt. 15.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
6/6/22