**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

S.K. and G.K., individually and on behalf of A.K,

    Plaintiffs,      Case 1:21-cv-07291 -PAE

  v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

    Defendant.
_____X

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ATTORNEYS' FEES

Michele Kule-Korgood
KULE-KORGOOD & ASSOC., P.C.
118-35 Queens Boulevard,
17th Floor
Forest Hills, New York 11375

Ellen Marjorie Saideman
LAW OFFICE OF ELLEN SAIDEMAN
7 Henry Drive
Barrington, RI  02806

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT                                                    1

STATEMENT OF FACTS                                                       1

THE ADMINISTRATIVE PROCEEDING                                           1

THE FEES CLAIM                                                           1

ARGUMENT                                                                 2

   I.   BECAUSE PLAINTIFFS OBTAINED AN EXCELLENT RESULT, THIS COURT

   SHOULD GRANT PLAINTIFFS' FEE CLAIM IN FULL                         2

      A.   Plaintiffs' Hourly Rates for their Attorneys Are Reasonable       4

      B.   Plaintiffs' Hours Charged Are Reasonable                         16

C. THE TOTAL COSTS ARE REASONABLE                                       20

D. THE TOTAL FEES AND COSTS ARE REASONABLE                              21

CONCLUSION                                                               21

# TABLE OF AUTHORITIES

### CASES

*Abdell v. City of N.Y.,* No. 05 Civ. 8453,

    2015 WL 898974. (S.D.N.Y. Mar. 2, 2015)           11

*A.B. v. N.Y.C. Dep't of Educ.,* No. 20-cv-03129,

    2021 U.S. Dist. LEXIS 47573, 2021 WL 951928 (S.D.N.Y. Mar. 13, 2021)    12

*A.G. v. N.Y.C. Dep't. of Educ.,* No. 20-cv-7577,

    2021 U.S. Dist. LEXIS 201748, 2021 WL 4896227 (S.D.N.Y. Oct. 19, 2021)    14

*A.R. v. N.Y.C. Dep't of Educ.,* No. 12 Civ. 7144,

    2014 U.S. Dist. LEXIS 153103, 2014 WL 5462465 (S.D.N.Y. Oct. 28, 2014).    11, 19

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,

    522 F.3d 182 (2d Cir. 2007).    3, 5

*Blum v. Stenson*, 465 U.S. 886 (1984)    9

*C.D. v. Minisink Valley Cent. Sch. Dist.,* No. 17 Civ. 7632 (PAE),

    2018 U.S. Dist. LEXIS 134646, 2018 WL 3769972 (S.D.N.Y. Aug. 9, 2018).    passim

*D.B. v. N.Y.C. Dep't of Educ.,* No. 18 Civ. 7898,

    2019 U.S. Dist. LEXIS 161155, 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019)    passim

*E.F. v. N.Y.C. Dep't of Educ.,* 11 Civ. 5243,

    2012 U.S. Dist. LEXIS 162810 (S.D.N.Y. Nov. 8, 2012).    11, 15

*Farbotko*, 433 F.3d at 209; *J.S.*, 2007 WL 475418    13

*Gagne* v. *Maher,* 594 F.2d 336 (2d Cir. 1979)    19

*H.A. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10785 (PAE),

    2022 U.S. Dist. LEXIS 33561, 2022 WL 580772 (S.D.N.Y Feb. 25, 2022).    8, 20

*Hensley v. Eckerhart,* 461 U.S.  424 (1983).                                                                         2, 5

*I.B. v. N.Y. City Dep't of Educ.*, 336 F.3d 79 (2d Cir. 2003).                                        13

*LeBlanc-Sternberq v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998)                            12

*L.V v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010).                       14

*M.H. v. N.Y.C. Dep't of Educ.*, No. 20-cv-1923,

    2021 U.S. Dist. LEXIS 190419, 2021 WL 4804031 (S.D.N.Y. Oct. 1, 2021).       11, 20

*M.K. v. Arlington Cent. Sch. Dist.*,

    2019 U.S. Dist. LEXIS 1129, 2019 WL 29004 (S.D.N.Y. Jan. 3, 2019).                12

*Millea v. Metro North R.R. Co.*, 658 F.3d 154 (2d Cir. 2011).                                   3

*N. L-C v. N.Y.C. Dep't of Educ.* , No. 20 Civ. 8243,

    2022 U.S. Dist. LEXIS 48720 (S.D.N.Y. Mar. 18, 2022)                              16

*Norman v. Housing Authority of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).       16

*Robert D. v. Sobel* , 688 F. Supp. 861 (S.D.N.Y. 1988).                                          19

*S. P. v. N.Y.C. Dep't of Educ.*, No. 20-cv-8380,

    2022 U.S. Dist. LEXIS 27994, 2022 WL 484855 (S.D.N.Y. Feb. 16, 2022)             3

*Tru-Art Sign Co. v. Loc. 137 Sheet Metal Worker's Int'l Ass'n*,

    852 F.3d 217 (2d Cir. 2017).                                                           21

*Williamsburg Fair Hous. Comm'n v. Ross-Rodney Hous.*,

    599 F. Supp. 509 (S.D.N.Y. 1984)                                                       16

*Wise v. Kelly*, 620 F. Supp. 2d 435, 447 (S.D.N.Y. 2008)                                       13

*Y.G. v. N.Y .City Dep't of Educ.,* No. 21 Civ. 641,

    2022 U.S. Dist. LEXIS 65120, 2022 WL 1046465, (S.D.N.Y. Apr. 7, 2022).          passim

**STATUTES**

20 U.S.C .§ 1415(i)(3)(B)(i)(I)                                          1, 2

20 U.S.C. § 1400                                                           1

20 U.S.C. § 1415(3)(D)(ii) & (iii).                                        6

20 U.S.C. § 1415(i)(3)(B).                                                 5

20 U.S.C. § 1415(i)(3)(C).                                               2, 4

20 U.S.C. § 1415(j).                                                       5

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

### Preliminary Statement

Plaintiffs are undisputed "prevailing parties" in a state special education due process

hearing under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.

and Section 4401 of New York State Education Law. As prevailing parties who are parents of a

student with a disability, they are entitled to attorney's fees under 20 U.S.C .§

1415(i)(3)(B)(i)(I). Plaintiffs submit this memorandum of law in support of their motion for

summary judgment and attorney's fees.

This Court should grant plaintiffs' summary judgment and their application for attorney's

fees, and award them the fees sought: for Kule-Korgood and Associates, $132,059.50, for the

administrative proceeding, $20,859.50 for the fees litigation in this Court, and costs of $653 to

date.[1]; and for the Law Office of Ellen Saideman, $8,327.25 for the fees litigation in this Court.

### Statement of Facts

The essential facts in this case are undisputed. *See* Rule 56.1 statement.

### The Administrative Proceeding

S.K.'s parents engaged legal counsel to represent them in this matter. Plaintiffs were

represented by Kule-Korgood and Associates, P.C. ("KKA") on a partial contingent basis using a

hybrid billing arrangement.

### The Fees Claim

Plaintiffs filed a Notice of Claim, which itemized the attorney and paralegal time spent in

the underlying matter, and stating the hourly rates charged. Plaintiffs filed this action on August

---

[1] Plaintiffs' request includes attorneys' fees through July 31, 2022. Plaintiffs will supplement
the request for fees with work subsequent to July 31, 2022 in their reply papers.

1

30, 2021.  ECF 1. On June 3, 2022, the DOE made an offer $90,000.01, which Plaintiffs rejected as inadequate, although they did counteroffer at the time with $125,000.  ECF 27

**ARGUMENT**

## I.    BECAUSE PLAINTIFFS OBTAINED AN EXCELLENT RESULT, THIS COURT SHOULD GRANT PLAINTIFFS' FEE CLAIM IN FULL

The Supreme Court has made clear that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," and "[n]ormally this will encompass all hours reasonable expended on the litigation."  *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983).  The Court declared that "the most critical matter is the degree of success obtained," and it is "[t]he result that matters."  *Id*. at 435-36.

There is no doubt that plaintiff obtained an excellent result in the administrative proceeding. Impartial Hearing Officer Kehoe ("IHO Kehoe") issued a Findings of Fact and Decision in favor of A.K.'s parents, on August 30, 2018. IHO Kehoe found that the District's reasons for rejecting alternate program options uncovered a lack of direction when it came to A.K.'s placement, that the DOE failed to consider the longitudinal records it had for A.K. (which revealed his lack of progress in the district's program), provided inconsistent programming, failed to provide an adequate placement, and failed to respond to the letters sent by A.K.'s parents to the Committee on Special Education expressing their concerns about the IEP and program recommended for A.K.  In contrast, the hearing officer found the Gersh Academy to be appropriate in light of A.K.'s high potential and found that S.K. and G.K. acted reasonably and in good faith with the CSE and did nothing to impede the district's process. He ordered the district to reimburse A.K.'s parents for the tuition already paid to Gersh Academy for A.K., and to directly pay the balance of the tuition due, and he awarded all of the relief requested. ECF  No.

2

31 at 1-24. The decision in the administrative proceeding dramatically changed the trajectory of A.K.'s life. ECF 31-5 at 48, ECF 31-10 at 67-69.

Here, IDEA provides that the court "in its discretion may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415 (i)(3)(B)(i)(I). A reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The Second Circuit has explained that "The reasonable hourly rate is one a paying- client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007). *See also Y.G. v. N.Y .City Dep't of Educ.,* No. 21 Civ. 641, 2022 U.S. Dist. LEXIS 65120, at *6, 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022); *C.D. v. Minisink Valley Cent. Sch. Dist.,* No. 17 Civ. 7632 (PAE), 2018 U.S. Dist. LEXIS 134646, at *10, 2018 WL 3769972, at *4 (S.D.N.Y. Aug. 9, 2018).

At the outset, it is important to note that the fees sought in this case for the administrative hearing that involved ten hearing dates, and for the instant proceeding for attorneys' fees are reasonable, given the excellent result and work required, which included ten hearing dates over a sixteen-month period, with a total of more than twelve hours of hearings. *See, e.g., S. P. v. N.Y.C. Dep't of Educ.*, No. 20-cv-8380, 2022 U.S. Dist. LEXIS 27994, 2022 WL 484855 (S.D.N.Y. Feb. 16, 2022) (awarding $97,297.32 in attorneys' fees and $1,060.32 in costs for a two day hearing); *D.B. v. N.Y.C. Dep't of Educ.,* No. 18 Civ. 7898, 2019 U.S. Dist. LEXIS 161155, 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019) (awarding $83,201.62 in attorneys' fees and $3,573.67 in costs for a three hour hearing); *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632 (PAE), 2018 U.S. Dist. LEXIS 134646, 2018 WL 3769972 (S.D.N.Y. Aug. 9, 2018)

(awarding $141,566.46 in attorneys' fees and costs for a hearing that lasted eleven days over five months and included an appeal to the SRO).

### A.  Plaintiffs' Hourly Rates for their Attorneys Are Reasonable

Plaintiffs' requested hourly rates are reasonable.  Plaintiffs are seeking the following hourly rates for their attorneys:

| Attorney | Years of Practice | Hourly Rate Sought |
|---|---|---|
| Melissa Ayre | 9 | $250 |
| Joseph DaProcida | 31 | $425 |
| Kira Epstein | 12 | $400 |
| Lauren Goldberg | 9 | $300 |
| Michele Kule-Korgood | 28 | $525 |
| Ellen Saideman | 39 | $550 |
| Emily Thomas | Admitted 6/2022 | $200[2] |

Under IDEA, the reasonable hourly rate is "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(C).  This case arose in the Southern District of New York, and thus, the relevant community is New York City.  The Second Circuit has held that courts are also to "consider case-specific variables known as the 'Johnson factors.'"  *C.D.,* 2018 U.S. Dist. LEXIS 134646, at *10, 2018 WL 3769972, at *4.  These factors include:

---

[2] Although Kule-Korgood & Associates typically charges a minimum of $250 per hour for attorney time, in the exercise of further billing discretion, we are reducing Emily Thomas' rate for purposes of this case to $200 per hour in light of her recent admission to the Bar and the type of work performed.

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to form the legal service properly; (4) the preclusion of employment of the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*See Arbor Hill*, 522 F.3d at 186-87.

The administrative hearing was protracted, requiring extensive time and labor. The case required ten days of hearings over a period of nearly sixteen months. This period far exceeds the bounds of the federally-mandated timelines for conducting a hearing; federal regulations require that a final decision is to be reached in the hearing within 45 days after the expiration of the resolution period. *See* 34 C.F.R. § 300.515(a)(1). Although the hearing decision stated that the delays were due to "difficulties in scheduling among the parties," in actuality, the delays were in large part attributable to the New York City hearing office, which does not have enough hearing officers or hearing rooms to provide for prompt, full day hearings. Kule-Korgood Decl.,¶¶ 51-54; S. K. Decl., ¶¶ 23-24. *See also* Hyman Decl., 55-56, 59-61; Baum Decl., ¶¶21-22.

This case was complex, given the DOE's hard-fought opposition and the DOE's actions during the hearing, which included removing A.K.'s paraprofessional in violation of IDEA's pendency requirement, 20 U.S.C. § 1415(j). This case required a great deal of skill and time, and precluded counsel from assisting other parents in other cases.

The IDEA's attorneys' fee provision, just like other civil rights fee-shifting provisions, is designed to encourage effective legal representation and thereby encourage private enforcement of civil rights laws. *See Hensley*, 461 U.S. at 445. Civil rights fee-shifting provisions are intended to attract private practice attorneys to represent litigants on a discounted fee or contingent fee basis, with the inducement of being fully compensated for their services at a

market rate when they are successful. The purpose is especially acute in the field of special education law. Other civil rights claims (e.g., employment discrimination, police misconduct) may have the potential for substantial recovery of damages. But money damages are not available for violations of IDEA.

The hourly rates that Plaintiffs seek in this case are within the customary fees charged by special education attorneys in the Southern District and are the fees charged by Kule-Korgood & Associates to paying clients.  Because IDEA requires school districts to provide a free appropriate public education to all students and affluent families have children with disabilities, some parents have the resources to pay attorneys' fees.[3]  Congress was well aware that that there significant disparities in the resources available to children with disabilities based on family income.   In amending IDEA to provide for attorneys' fees, the House Report stated that its goal was to increase "the possibility that poor parents will have access to the procedural rights in [IDEA], thereby making the laws' protections available to all." H.R. Rep. No. 99-296 at 5.

IDEA specifically provides that fees awarded under IDEA "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. 1415(i)(3)(C). Plaintiffs have provided declarations by special education practitioners attesting both to the market rates for full-paying special education clients and to the need for full market rates to ensure access to counsel for those parents unable to pay the full fees from the outset of the litigation.  *See* Declarations of Lauren Baum, Jesse Cole Cutler, Elissa Hyman, and Christine Thivierge.

Further, a significant amount of the work done by special education attorneys is not

---

[3] Although those parents are entitled to recover their fees under IDEA if they prevail in a due process proceeding, they pay their attorneys upfront and the fee claim reimburses parents for some or all of the funds that they have fronted.   .

recoverable under IDEA's fee-shifting statute. The statute provides fees only for parents who prevail in litigation, 20 U.S.C. § 1415(i)(3)(B).  This means no fees at all are available under IDEA in those cases in which legal assistance is able to resolve the matter without the need to file a due process complaint.   Thus, for a special education law firm, overhead costs necessarily include time devoted to work that is ineligible for a fee award.[4]  Further, unlike tort cases where the representation is typically entirely contingent, special education attorneys often have non-contingent fee agreements, so that if the parents do not prevail in the litigation and therefore cannot obtain attorneys' fees IDEA, parents pay the fees.

This Court, as well as other courts, have found that the customary fee is an important factor in determining the reasonable hourly rate under IDEA.  Providing lower rates to parents who depend wholly or largely on fee-shifting awards would create a two-tier system, with lower rates for the contingent cases than the non-contingent cases.  Notably, the Johnson factors specifically provide that the contingent nature of the fees is a factor that supports a higher hourly rate.

IDEA litigation requires a close relationship with clients and a thorough understanding of a student's needs. In the Plaintiff's case, the attorneys, having extensive experience and ability in special education litigation, knew the student well and understood how to zealously advocate for the Plaintiffs in the legal memoranda and throughout the administrative action.

Here, the Plaintiffs received complete relief that changed the course of A.K.'s education. The excellent result and the extensive attorney and paralegal time necessary to obtain this result

---

[4] In addition, fees are not allowed for time spent attending an IEP meeting (unless convened as a result of an administrative hearing or judicial action) or, at the State's direction for mediation, or for attending a resolution meeting.  *See* 20 U.S.C. § 1415(3)(D)(ii) & (iii).

also support a higher hourly rate, as do the excellent reputation, experience, and ability of Michele Kule-Korgood and her staff. *See* Hyman Decl., 29-35; Cutler Decl., 12-13.

In light of the Johnson factors, an hourly rate at the high end of the hourly rates considered reasonable is appropriate. Plaintiffs have surveyed the case law regarding reasonable hourly rates in the Southern District of New York as well as comparable jurisdictions. The rates that are sought are well within the rates awarded in the Southern District of New York for similar work. This Court has set higher rates for cases that are hotly contested by the DOE and lower rates for cases that are "minimally contested." *Compare C.D,* 2018 U.S. Dist. LEXIS 134646, at *10, 2018 WL 3769972 at *3 (awarding lawyer with nearly 20 years of IDEA experience $420/hour) *with H.A. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10785 (PAE), 2022 U.S. Dist. LEXIS 33561, 2022 WL 580772 (S.D.N.Y Feb. 25, 2022).

Here, there can be no dispute that this case was hotly disputed and did not fall within the "essentially uncontested" camp. The first page of the hearing decision lists ten hearing dates. ECF 31, at 1. DOE contended that it had provided the student with a FAPE. *Id.* at 5. DOE provided testimony of a school psychologist as a witness on its behalf, and submitted 19 exhibits into evidence. In its correspondence with the court and with plaintiffs' counsel to date, the DOE has cited cases in which low hourly rates were set because the cases where "liability is essentially uncontested." were "minimally contested" or "uncontested." *See, e.g., H.A.* 2022 U.S. Dist. LEXIS 33561, at *15, 2022 WL 580772, at *6. Those cases are inapplicable here.

The rates sought by plaintiffs in this case are within the range for attorneys with comparable experience in hard fought cases. As Judge Hellerstein found in *Y.G.,* in the case at bar, among other factors, A.K.'s administrative hearing was heavily contested and required the skill of an experienced IDEA litigator to prevail, as there were multiple days of hearings and five

hearings on the merits. *Y.G.*, 2022 U.S. Dist. LEXIS 65120, at *5, 2022 WL 1046465, at *2. Further, in this matter, Plaintiffs was awarded all of the relief sought in the due process complaint.

Plaintiffs detail below the basis for the hourly rates for each of the timekeepers in this case.  Plaintiffs note that, as a matter of billing judgment and in the interest of conserving judicial resources, they have not charged for three attorneys (VW, ES, and HH) and three paralegals (AS, DC and DCR), who each spent under an hour on this case.

### 1.  Michele Kule-Korgood and Ellen Saideman

The Court "must ascertain whether 'the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Chambless v. Masters, Mates & Pilots Pension Plan,, 885 F.2d 1053, 1058-59 (2d Cir. 1989) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11). Michele Kule-Korgood was the lead attorney on this case after Lauren Goldberg left KKA in July 2017, and Ellen Saideman entered her appearance in the fee litigation in May 2022.  Attorneys Kule-Korgood and Saideman are both experienced special education attorneys with national reputations.  Michele Kule-Korgood has devoted her entire legal career to special education litigation. In addition to twenty-eight years of experience practicing special education law, Michele Kule-Korgood has prior experience as a special education teacher (lending further expertise in the factual nuances of this area of the law), regularly presents continuing legal education classes to attorneys nationally on topics of special education law, trains attorneys to represent parties in due process proceedings nationally and is instrumental in developing the jurisprudence and legal authority in the field of special education law.

During law school, Ms. Kule-Korgood chaired a national conference regarding the then-

newly enacted Americans with Disabilities Act, and was founder of a student organization,

Advancement of Challenged Citizens towards Equality and Self-Sufficiency (ACCESS) and a

founding member of the Hofstra Disabilities Law Clinic. Kule-Korgood Decl. 4-9

Prior to law school, Ms. Kule-Korgood worked as a special education teacher at United

Cerebral Palsy Association of Nassau County from 1988 through 1990.  She attended law school

with the goal of assisting students with disabilities and their families to secure an effective

special education.  She began working in the field of special education law as a law student; she

was a summer law intern as assistant to general counsel for United Cerebral Palsy Association of

New York State in 1991, and also served as an extern for New York Lawyers for the Public

Interest (a public interest law firm serving persons with disabilities) in 1991.  Kule-Korgood

Decl. 6-7.

Upon graduation from law school, she was employed as an associate to Neal Rosenberg

from 1993 through October 1995.  Mr. Rosenberg's practice largely focused on representation of

families in special education legal matters. Since then, she has been the principal attorney in

special education law firms. Ms. Kule-Korgood was the founding principal of the Law Offices of

Michele Kule-Korgood from 1995-2011, was the founding principal and managing partner of

Kule Korgood, Roff & Associates from 2011-2013, and she is is currently the founding Principal

of Kule-Korgood & Associates, P.C., a private law firm in Forest Hills, New York founded in

2013.  Her firm focuses primarily on representing families of students with disabilities in

obtaining an effective education. She oversees all matters at Kule-Korgood & Associates, P.C.,

including supervising three attorneys and a total staff of approximately ten in their handling of

the cases.  Kule-Korgood Decl. 8-9

Because Michele Kule-Korgood and Ellen Saideman have settled all fee litigation matters since 1992, there is no recent precedent regarding their hourly rates. *See* Kule-Korgood Decl.,¶ 64 Saideman Decl., ¶24. There has, however, been extensive litigation regarding attorney's fees for special education cases involving the DOE in recent years, so there is a substantial body of precedent regarding hourly rates and fee calculations regarding special education litigation in this district. Courts have recognized that the prevailing hourly rates for experienced special education lawyers range from $350-650. *See D.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7898, 2019 U.S. Dist. LEXIS 161155, at *5, 2019 WL 4565128, at *2 (S.D.N.Y. Sept. 20, 2019). Similarly, rates awarded in the Southern District of New York to experienced civil rights attorneys range from $250 to $650, with average awards increasing over time. *Abdell v. City of N.Y.,* No. 05 Civ. 8453 (RJS), 2015 WL 898974, at *3 (S.D.N.Y. Mar. 2, 2015). Although Ms. Kule-Korgood and Ms. Saideman are nationally known for their work in special education and have worked in this field for more than thirty years, their requested rates are well below the top rate of $650 charged for this work. Saideman Decl., Ex. A

Kule-Korgood and Saideman have comparable experience to Arthur Block, who was awarded a rate of $500/hour based on 35 years of experience more than seven years ago. *A.R. v. N.Y.C. Dep't of Educ.,* No. 12 Civ. 7144, 2014 U.S. Dist. LEXIS 153103, at *23, 2014 WL 5462465, at *8 (S.D.N.Y. Oct. 28, 2014). They also have comparable experience to Gary Mayerson, who was awarded a rate of $475 in 2014 based on fifteen years of experience managing his own Special Education law practice. *E.F. v. N.Y.C. Dep't of Educ.,* No. 11 Civ. 5243, 2012 U.S. Dist. LEXIS 162810 (S.D.N.Y. Nov. 8, 2012). These cases were decided nearly eight and ten years ago respectively, meaning that these attorneys would likely be granted a higher hourly rate in 2022 to reflect the passage of time. Case law is clear that fee awards should

not be continually recycled from prior cases, but must be adjusted in line with the prevailing market rate. *Y.G.*, 2022 U.S. Dist. LEXIS 6510, at *3, 2022 WL 1046465, at *2; *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-cv-1923, 2021 U.S. Dist. LEXIS 190419, at *36, 2021 WL 4804031, at *12 (S.D.N.Y. Oct. 1, 2021). *See also, A.B. v. N.Y.C. Dep't of Educ.,* No. 20-cv-03129, 2021 U.S. Dist. LEXIS 47573, at *7, 2021 WL 951928, at *3 (S.D.N.Y. Mar. 2, 2015) (increasing the court-awarded hourly rate by $25 to account for the five years that had elapsed since a prior fee award). Fees "should be based on prevailing market rates, and current rates, rather than historical rates." *LeBlanc Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998)

This Court has recently awarded attorney's fees up to $550/ hour to attorneys who are less experienced in the field than Kule-Korgood and Saideman. Andrew Cuddy, who has practiced special education law since 2001, was recently awarded $550/hour. *See Y.G,* 2022 U.S. Dist. LEXIS 65120, at *6, 2022 WL 1046465, at *2. Both attorneys Kule-Korgood and Saideman also have substantially more experience in special education law than Carl Loewenson, Jr., who had fifteen years of IDEA experience (as well as 30 years of litigation experience), and requested and received $450/hour in *D.B.* in 2018. *D.B.,* 2019 U.S. Dist. LEXIS 161155, at *5, 2019 WL 4565128, at *2.

It is also relevant to consider an attorney's overhead costs when setting a reasonable hourly rate. *See C.D.,* 2018 U.S. Dist. LEXIS 134646, at *16-17, 2018 WL 3769972, at *6. Andrew Cuddy was awarded $550/hour notwithstanding the fact that his office is not based in New York City and therefore does not have New York City overheads. *Y.G.,* 2022 U.S. Dist. LEXIS 65120, at *6, 2022 WL 1046465, at *2. Similarly, Barbara Ebenstein, a solo practitioner who has comparable experience in special education law to Kule-Korgood and Saideman, was awarded a $450/hour, despite not having the overhead costs of a law firm. *M.K. v. Arlington*

12

*Cent. Sch. Dist.*, 2019 U.S. Dist. LEXIS 1129, at * 14, 2019 WL 29004, at *5 (S.D.N.Y. Jan. 3, 2019).

"[A]ccepting the obvious proposition that billing rates continue to increase over time," *Wise v. Kelly*, 620 F. Supp. 2d 435, 447 (S.D.N.Y. 2008), if the Court considers past awards in similar cases and upwardly adjusts it so as not to 'recycle' the rate and to reflect current market rates, *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005), Ms. Kule-Korgood's rate of $525 per hour and Ms. Saideman's rate of $550 per hour are reasonable.

**2. Joseph DaProcida and Kira Epstein**

Plaintiffs have sought $425/hour for Joseph DaProcida and $400/hour for Kira Epstein. Both are senior lawyers with extensive litigation experience. The rates sought are well with the rates awarded in this district for attorneys with similar experience. *See C.D.,* 2018 U.S. Dist. LEXIS 134646, at *17, 2018 WL 3769972, at *6. Epstein graduated law school in May 2008 and has practiced in the area of special education law since September 2010, for more than ten years, working for nearly the last five years at Kule-Korgood & Associates. Epstein Decl. 4-7, 12-13 Her principal responsibilities in this case consisted of legal research and writing for the three briefs submitted in this case, the brief on the burden of proof, the letter brief on pendency, and the closing brief.  Epstein Decl. 15-19

Joseph DaProcida had extensive experience in litigation although he was a relative newcomer to special education law. Kule-Korgood Dec., Ex. D This Court has recognized that generalist legal experience may warrant fees at the upper end of the range of hourly fees because "the most important legal skills are transferrable." *C.D.*, 2018 U.S. Dist. LEXIS 134646, at *18, 2018 WL 3769972, at *7, quoting *I.B. v. N.Y. City Dep't of Educ.*, 336 F.3d 79, 81 (2d Cir. 2003).

### 3.  Lauren Goldberg and Melissa Ayre

Lauren Goldberg was the lead attorney on this case until she left the employ of Kule-Korgood & Associates, P.C. in July 2017. Lauren Goldberg and Melissa Ayre are senior associates, each with approximately nine years of special education experience. Goldberg Decl 5, 13, 21-47. The rates sought, $250 for Ms. Ayre and $300 for Ms. Goldberg, are well within the rates frequently awarded to senior associates in the special education area. *See, e.g., D.B.*, 2019 U.S. Dist. LEXIS 68880, at *14; 2019 WL 6831506, at *5 (awarding $300/hour for a fourth year associate in special education); *A.G. v. N.Y.C. Dep't. of Educ.,* No. 20-cv-7577, 2021 U.S. Dist. LEXIS 201748, at *19-20, 2021 WL 4896227, at *7 (S.D.N.Y. Oct. 19, 2021) (awarding mid-level associates $300/hour).

 Melissa Ayre began working in the area of special education as a law student while earning her J.D. in June 2013. She has worked on behalf of children with disabilities since she graduated law school, working for seven years at KKA as an associate attorney, and subsequently in an of counsel capacity. Kule-Korgood Decl., Ex. D Melissa Ayre's work on this case consisted of summarizing the transcripts of the hearing for Kule-Korgood to use in preparing for the hearing and in writing the closing brief.

### 4.  Emily Thomas

Emily Thomas was admitted to the bar in June 2022. Kule-Korgood and Associates typically charges $250/hour for junior associates. Thomas Decl, 6 The $250 hourly rate is consistent with the rate awarded for junior associates in special education cases. *See, e.g., C.D.,* 2018 U.S. Dist. LEXIS 134646, at *17, 2018 WL 3769972, at *7; *LV v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510, 520 (S.D.N.Y. 2010). However, Plaintiffs are reducing Ms. Thomas's rate

14

to $200/hour in this case in light of her recent admission to the Bar and the type of work performed.

### 5. Paralegals and law students

Kule-Korgood & Associates has charged $125/hour for its experienced paralegals as well as for its law students. On this motion, Plaintiffs are seeking fees for two law students and two paralegals; in the exercise of billing judgment, work done by two law students and one paralegal (AS, DC, and DCR) is not being charged.

Noelle Giesse has worked as a paralegal for Kule-Korgood & Associates since September 2017 and was trained through the Council of Parent Attorneys and Advocates (COPAA) SEAT training for Advocates in 2016, and she holds an MBA from St. John's University from 1999. Michele Hutchinson has served as a paralegal/office manager for Kule-Korgood & Associates for more than thirteen years, since 2008. Lauren Riddell was a law student at Fordham University School of Law when she worked on this matter.[5] Fiona Hathaway is a rising second year law student at New York University School of Law.

This rate is well below current market rates. It is slightly more than half (55%) of the $225/hour that Judge Hellerstein found reasonable for paralegals in *Y.G.*, 2022 U.S. Dist. LEXIS 6510, at *6, 2022 WL 1046465, at *2. Other judges have also awarded hourly rates above $125 for experienced paralegals. *See, e.g., D.B.*, 2019 U.S. Dist. LEXIS 161155, at *7, 2019 WL 6831506, at *5; *E.F.*, 2012 U.S. Dist. LEXIS 162810, at *18, 2014 WL 1092847, at *4 (both awarding $150 for an experienced paralegal).

Plaintiffs have submitted declarations from four experienced special education attorneys who further demonstrate the reasonableness of the hourly rates charged by plaintiffs' counsel are

---

[5] She is now an associate at Cahill Gordon & Reidell LLP.

reasonable.  Lauren A. Baum and Jesse Cutler advised that the hourly rates for Attorneys

Saideman and Kule-Korgood are below the market rate for attorneys of their experience and

expertise, and that Ms. Kule-Korgood's firm's rates are reasonable.  Baum Decl., ¶20; Cutler

Decl.¶ 13.   Christine D. Thivierge also advised that plaintiffs' attorneys' rates are within the

rates charged by attorneys of similar experience.  Thivierge Decl., ¶¶22-23.


### B.  Plaintiffs' Hours Charged Are Reasonable

As stated by the Eleventh Circuit, the "measure of reasonable hours is determined by the

profession's judgment of the time that may be conscionably billed and not the least time in which

it might theoretically have been done." Norman v. Housing Authority of Montgomery, 836 F.2d

1292, 1301 (11th Cir. 1988). Plaintiffs seek fees for three phases of this litigation: (1) from the

initial client meeting through the IHO decision and implementation of the decision; (2) the fee

negotiation and subsequent litigation through the DOE's written offer of June 3, 2022; and (3)

the fee litigation since June 4, 2022.  Plaintiffs' fee request for each phase is entirely reasonable.

Both Lauren A. Baum and Christine D. Thivierge found the time spent on this matter to be

reasonable.  Baum Dec., ¶¶ 14-18;  Thivierge Decl., ¶ 25.

At the outset, it is important to note that Kule-Korgood & Associates exercised

substantial billing judgment in preparing the fee request.  It avoided even the appearance of

unnecessary billing, demonstrating a good faith attempt to ensure that the fees requested are

reasonable and comply with IDEA law. *See D.B.,* 2019 U.S. Dist. LEXIS 161155, at *12, 2019

WL 4565128, at *5.  Although allowable, the firm billed virtually no time for internal

discussions among staff.  *See, e.g.*, *C.D.*, 2018 U.S. Dist. LEXIS 134646 at *26-27, 2018 WL

3769972, at *10; *Williamsburg Fair Hous. Comm'n v. Ross-Rodney Hous.*, 599 F. Supp. 509,

518 (S.D.N.Y. 1984). While DOE has suggested to Plaintiffs' counsel that a "haircut" of 20% of the attorney's fees is de rigeur in special education fee litigation in this district, courts have rejected such a haircut when the plaintiffs' counsel have exercised substantial billing judgment and the amount of time requested is reasonable. *See N. L-C v. N.Y.C. Dep't of Educ.* , No. 20 Civ. 8243, 2022 U.S. Dist. LEXIS 48720 at *13 (S.D.N.Y. Mar. 18, 2022) (no reduction in time on administrative proceeding).

### 1.    Plaintiffs' Time at the Administrative Hearing Is Fully Compensable

Plaintiffs are seeking fees for 285.70 hours at the administrative hearing by attorneys and 17.7 hours by paralegals and law students. The case began with the filing of a single-spaced, 5 paged complaint. ECF 31-6 at 22-29 The complaint was amended once, with a 9 paged amended complaint.  The due process hearing took place on ten days over a span of sixteen months and required ten days. ECF 1-24 While some hearing dates were conferences (1/9/17, 1/24/17, and 8/8/17), six hearing dates involved witness testimony, and some hearings days were lengthy, lasting three or more hours. The transcripts of the hearings totaled approximately 675 pages and 56 exhibits were admitted into the record. Plaintiffs are entitled to full compensation for the time devoted to the hearing as well as hearing preparation and waiting time.

During the course of the hearing, three legal memoranda of law were prepared. The hearing officer requested a legal memo on the burden of proof; plaintiffs also provided a letter brief on pendency**,** and Plaintiffs submitted a closing brief at the conclusion of the hearing.

### a.  Burden of Proof Memo

Plaintiffs argued at the hearings on November 7th and 14th, 2017 that DOE had an obligation to address issues raised in Petitioners' Amended Due Process Complaint, challenging the January 2017 IEP, Prior Written Notice, and placement in order for it to meet its burden to prove that it offered A.K. a free and appropriate public education.  The DOE argued that it only

needed to prove the appropriateness of the student's January 26, 2016 IEP and June 2016 public placement, despite the fact that it developed and provided a new IEP, Prior Written Notice and School Location Letter in the middle of the 2016/2017 school year, to take immediate effect.  As a result of these opposing positions, the hearing officer asked both parties to provide legal written arguments prior to the November 21, 2017 hearing date.  Under this tight deadline (less than one week), Plaintiffs filed a 12 page legal memorandum on November 20, 2017.  Kira Epstein devoted 13.41 hours to the work on the burden of proof legal memo, including legal research, and Michele Kule-Korgood devoted 1.75 hours to editing the legal memo.  Kule-Korgood Decl. 47 This time devoted to a legal memo, requested by the IHO and necessitated by DOE's position that it need not address the 2017 IEP, is clearly reasonable.

### b.  Pendency Memo

Because DOE removed a paraprofessional, a service historically recommended and provided to A.K. by the DOE, during the course of the hearing in violation of IDEA's pendency requirement, 20 U.S.C. 1415 (j), Plaintiffs needed to file a pendency motion to restore the service.  At the February 13, 2018, hearing, the hearing officer requested legal authority for the request for an Interim Order on Pendency directing DOE to immediately reinstate the 1;1 paraprofessional for the student in order to ensure A.K.'s safety and that of his classmates. Kira Epstein devoted 2.5 hours to legal research and writing of the pendency brief, and Michele Kule-Korgood devoted 9.75 to the legal research and writing of the pendency brief.  The resulting brief was 4 pages, single-sided.  Kule-Korgood Decl. 48The brief was submitted two days later, on February 15, 2018, and resulted in the entry of an order on pendency and restoration of the 1:1 professional.  Plaintiffs are entitled to full compensation for this work, which was done in short order and necessitated by DOE's violation of § 1415(j).

### c.  Legal Research

DOE has indicated that it objects to time spent doing legal research as unnecessary for experienced special education lawyers.  As a professor of legal writing, Ellen Saideman has had the experience of instructing law students on the importance of having updated research as part of competent legal representation.  Saideman Decl, ¶2.  Courts have found that it is reasonable to bill for legal research.  *A.R.*, 2014 U.S. Dist. LEXIS 153103, at *30, 2014 WL 5462465, at *10.

### d.  Hearing Preparation

Because the hearing took place over a sixteen-month period, Plaintiffs' counsel devoted extensive time to preparation for the hearings.   Because there were lengthy gaps, sometimes several months, between hearing days, counsel had to review what happened previously at the hearing to prepare for the new hearing date.

It was important for counsel to review the transcripts as part of the preparation for subsequent hearing days.  DOE has objected to the time devoted to preparing summaries of the transcripts.  Plaintiffs have exercised billing judgment and reduced the time charged for the summaries.  For Lauren Riddell, the total time on summaries of transcripts was 14.5 hours, but 6.5 hours have been no-charged, with the result that 8 hours are now being charged.  For Melissa Ayre, the total time on summaries of transcripts was 16.51 hours, but 3.5 hours was no-charged, with the result that 13.01 hours was charged.

### 2.  Plaintiff Are Entitled to "Fees on Fees" for the time spent litigating the Federal action

It is well settled that prevailing plaintiffs are entitled to recover the fees and costs incurred in the proceeding to recover attorney's fees and costs.  *See Gagne* v. *Maher,* 594 F.2d 336, 344 (2d Cir. 1979), *aff'd on other grounds*, 448 U.S. 122 (1980); *Robert D. v. Sobel*, 688 F. Supp. 861, 867 (S.D.N.Y. 1988). Plaintiffs sought to reduce the time devoted to fees litigation by

asking DOE to stipulate to the costs and to the hourly rates of any staff member whose rate was acceptable to DOE, but DOE refused to stipulate to any of these items. Saideman Dec., ¶¶26-27.

For the fee litigation, Plaintiffs have added as counsel Ellen Saideman, an experienced special education attorney who has extensive experience in fee litigation and has served as a fees expert.

For the fees litigation through June 3, 2022, Plaintiffs have incurred an additional attorney's fees in the total amount of $ 5544.75. For the fees litigation from June 4, 2022 through July 31, 2022, plaintiffs have incurred additional attorney's fees in the amount of $15,314.75.

In the exercise of billing judgment, Plaintiffs have reduced the request for fees on fees by 10%. The time spent litigating the fees on fees is entirely reasonable.

### C. The Total Costs Are Reasonable

Plaintiffs seek modest costs for this case, consisting of the filing fee ($402) and the parking fees charged for attending the pendency hearing ($251), for a total of $653. The receipt for the filing fee has been provided.  Kule-Korgood Decl., Ex. F.  Because filing fees are necessary costs for filing a complaint in federal court, they are routinely awarded as costs. *See, e.g., H.A*., 2022 U.S. Dist. LEXIS 33561, at *35, 2022 WL 580772, at *13; *M.H. v. N.Y.C. Dep't of Educ*., No. 20-cv-1923, 2021 U.S. Dist. LEXIS 190419, at *86, 2021 WL 4804031, at *29 (S.D.N.Y. Oct. 1, 2021).

The parking costs are also reasonable costs.  This Court has held that "[a] prevailing party in IDEA litigation is entitled to recover for costs incurred during reasonable travel." *C.D.,* 2018 U.S. Dist. LEXIS 134646, at *35, 2018 WL 3769972, at *13. Plaintiffs have provided receipts for the parking charges.  Kule-Korgood  Decl., Ex F.   The cost of parking is reasonable, particularly as Plaintiffs did not include mileage in their charges.  The mileage would have been

20

$98.31.  Kule-Korgood  Decl..  This Court has approved payment of parking expenses as costs.
*C.D.*, 2018 U.S. Dist. LEXIS 134646 at *38, 2018 WL 3769972, at *13.

Plaintiffs have not charged for copying costs, faxing, meals, mileage, subway fare, or
legal research; those costs are included in the firms' overhead.

### D. The Total Fees and Costs Are Reasonable

At this time, Kule-Korgood and Associates seek a total of $132,059.50 in fees for the
underlying due process action and $20,859.50 for this federal action, and $653 in costs.  The
Law Office of Ellen Saideman seeks $8,327.25 for the fees litigation in this Court. Plaintiffs also
request post-judgment interest.  "Pursuant to 28 U.S.C. § 1961, the award of post-judgment
interest "is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign
Co. v. Loc. 137 Sheet Metal Worker's Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (quotation
omitted).

### Conclusion

For the reasons stated above, Plaintiffs respectfully request that this Court deny grant
their motion for summary judgment and application for attorneys' fees in the amount of
$161,246.25 and costs in the amount of $653.

Respectfully submitted,

Michele Kule-Korgood
KULE-KORGOOD & ASSOC., P.C.
118-35 Queens Boulevard,
17th Floor
Forest Hills, New York 11375

Ellen Marjorie Saidmean
LAW OFFICE OF ELLEN
SAIDEMAN
7 Henry Drive

21

Barrington, RI  02806

## CERTIFICATE OF SERVICE

I, Michele Kule-Korgood, certify that I have, on August 5, 2022, served the above Memorandum of Law via ECF.

/s/ Michele Kule-Korgood

Michele Kule-Korgood