UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.K., et al.,

                               Plaintiffs,

             -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                            Defendant.

Case No. 1:21-cv-07291 (JLR)

**MEMORANDUM**
**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On March 10, 2023, this Court granted an award of attorneys' fees to Plaintiffs S.K. and G.K., the parents of A.K., a minor with disabilities ("Plaintiffs"), who had brought this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, for fees incurred during their successful effort to secure an appropriate education placement for A.K.  *See* ECF No. 79 ("March Opinion").  Specifically, the Court concluded that many of the hourly rates requested by Plaintiffs' attorneys were excessive, and that the total hours expended were also unreasonable.  *See id.* at 9, 19-21, 24.  Nevertheless, the total award exceeded what Defendant, the New York City Department of Education ("Defendant"), had argued was appropriate.  *See generally* ECF No. 67.  On March 13, 2023, judgment was entered by the Clerk of Court in favor of Plaintiffs in the amount of $154,096.50.  ECF No. 80.  On March 27, 2023, Defendant moved for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure ("Rule") 60(b).  *See* ECF No. 82 ("Mot."); *see also* ECF No. 84 ("Reply").  Plaintiffs oppose Defendant's motion.  *See* ECF No. 83 ("Opp.").  For the following reasons, Defendant's motion is DENIED.

**LEGAL STANDARD**

Under Local Civil Rule 6.3 of the Southern District of New York, "[u]nless otherwise provided by the Court or by statute or rule . . . , a notice of motion for reconsideration or reargument . . . in the case of a court order resulting in a judgment" shall be served "within fourteen (14) days after the entry of the judgment."  The Second Circuit has made clear that "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The standard is strict so as to "avoid repetitive arguments on issues that have been considered fully by the Court."  *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 405 (S.D.N.Y. 2013), *aff'd sub. nom. Arthur Glick Truck Sales, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 577 F. App'x 11 (2d Cir. 2014).  Moreover, courts in this District "have repeatedly made clear that the availability of a motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling."  *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (internal citation marks omitted and alterations adopted).  Reconsideration is generally only appropriate where the moving party can demonstrate that the Court "overlooked controlling decisions or factual matters" that had been previously raised and that, had the Court considered them, would have changed the result, or "to correct a clear error of law or to prevent manifest injustice."  *Id.* at 210 (internal citations omitted).  "The reason for the rule confining reconsideration to matters that were 'overlooked' is to ensure the finality of decisions and to prevent the practice of a losing

party examining a decision and then plugging the gaps of a lost motion with additional matters."

*Schoolcraft v. City of N.Y.*, 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) (internal citation omitted).

Additionally, a party may seek reconsideration pursuant to enumerated reasons set forth

in Rule 60(b).  Those reasons include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or other misconduct of an opposing party; (4)
> the judgment is void; (5) the judgment has been satisfied, released,
> or discharged; it is based on an earlier judgment that has been
> reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason justifying relief.

Rule 60(b).  "Motions for relief under Rule 60(b) are disfavored, and are reserved for exceptional

cases." *Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d 440, 448 (S.D.N.Y. 2011) (internal citation

omitted).  "Rule 60(b)(1) is available for a district court to correct legal errors by the court."

*United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (internal citation and quotation

marks omitted).  "Rule 60(b)(6) . . . allows for relief from judgment based on 'any other reason

justifying relief[,]" and is generally not based on a reason enumerated in Rule 60(b)(1)-(5). *Id.*

This subpart "confers broad discretion on the trial court to grant relief when appropriate to

accomplish justice." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal citation and

quotation marks omitted).

## DISCUSSION

The Court assumes the parties' familiarity with the facts underlying the case, and

incorporates by reference those facts as articulated in its March Opinion.  Defendant makes four

primary arguments as to how the Court committed error with respect to the March Opinion.

First, Defendant argues that the Court failed to reduce Plaintiffs' billed time to account for

Plaintiffs' failure to delegate to more junior attorneys.  *See* Mot. at 4-10.  Second, Defendant

argues that the Court incorrectly assigned high hourly rates to work done in connection with a

fee action.  *Id.* at 11-12.  Third, Defendant argues that the Court clearly erred when it stated that

the Kule-Korgood & Associates law firm had little experience with fee actions.  *Id.* at 12-13.

Finally, Defendant argues that the Court made the fee action into a "second major litigation"

through its award.  *Id.* at 13-16.

The Court concludes that none of these arguments meet the "strict" standard for a motion

for reconsideration.  Indeed, Defendant appears to have used this motion to initiate a dialogue to

re-argue issues previously before the Court and to advance new theories as to why, as they

contend, Plaintiffs' rates and hours were excessive.  These are precisely the type of arguments

that are not permitted under a motion for reconsideration.  *See SimplexGrinnell LP*, 642 F. Supp.

2d at 209-10 (noting that motion for reconsideration is not meant to initiate a dialogue to advance

new theories after court has ruled); *Schoolcraft*, 248 F. Supp. 3d at 508 ("A party seeking

reconsideration may neither repeat arguments already briefed, considered and decided nor

advance new facts, issues or arguments not previously presented to the Court." (internal citation

and quotation marks omitted)).  Nevertheless, the Court will address each of Defendant's

arguments in turn.

First, Defendant argues that the Court erred by failing to make reductions to Plaintiffs'

billed time to account for Plaintiffs' counsel's failure to delegate.  *See* Mot. at 4-10.  Defendant

made a similar argument in its original motion papers, *see* ECF No. 67 at 23, and the Court took

it into consideration in its analysis, *see* March Opinion at 18-20.  For instance, the Court

concluded "that much of Ms. Kule-Korgood's billed time for research and writing could have

been billed by a more junior attorney at a lower rate."  *Id.* at 20.  The Court therefore applied a

20% reduction to Ms. Kule-Korgood's hours with respect to the administrative proceeding.  *Id.*

at 21.  The Court further applied a 50% reduction to the hours associated with the federal action.

*Id.* at 22.  Defendant has not pointed to anything the Court overlooked that would change its

analysis.  That Defendant would prefer the Court to have reduced the hours related to the

administrative proceeding by *more* than 20% and *further* reduced Ms. Kule-Korgood's hourly

rate, *see* Mot. at 10, does not mean that the Court failed to consider Defendant's arguments; it

clearly took those arguments into account in its holding.  Nor does it mean that the Court made a

legal mistake, or that some injustice resulted from the judgment.  Therefore, Defendant's first

argument fails.

Next, Defendant argues that the Court incorrectly assigned Plaintiffs' attorneys high rates

with respect to the fee action, whereas the federal rates should have been lower than the rates

with respect to the underlying administrative action.  Mot. at 11-12.  Defendant's original motion

papers proposed low rates for the attorneys *as a whole*; it did not differentiate between hourly

rates for the administrative proceeding compared to the federal action.  *See* ECF No. 67 at 8-19.

The Court conducted an independent analysis and lowered some of the rates – just not to the

extent requested by Defendant.  *See* March Opinion at 11-17 (assigning Ms. Kule-Korgood

$500/hr, Ms. Saideman $450/hr, Ms. Goldberg and Mr. DaProcida $300/hr, Ms. Epstein $250/hr,

Ms. Thomas $200/hr, the paralegals $125/hr, and the interns $100/hr).  For the first time as part

of the present motion, Defendant points to cases in which courts assigned different rates to the

same attorney for their work done in the administrative action compared to the federal fee action.

*See* Mot. at 11.

Defendant seems to concede that it did not request different *rates* for the administrative

and federal proceedings in the original papers; it notes that "Defendant's initial request was

holistic – it assumed that the Court would apply an hourly rate" that was lower than it actually

applied. *See* Reply at 4. But again, "reconsideration is not an invitation . . . to advance new

theories . . . in response to the court's ruling." *SimplexGrinnell LP*, 642 F. Supp. 2d at 209-10.

As to the federal action, the Court granted Defendant's request to reduce the *hours* by 50%.

Indeed, in support of its argument that the Court should award a lower *rate* for the federal action,

Defendant also points to cases in which courts reduced the total *hours* billed in a federal fee

action – precisely what the Court did here. Mot. at 11 (quoting *S.J. v. N.Y.C. Dep't of Educ.*, No.

1:20-cv-01922 (LGS) (SDA), 2020 WL 6151112, at *6 (S.D.N.Y. Oct. 20, 2020)). Defendant

has not demonstrated that the Court erred or otherwise overlooked anything that would have

changed its analysis. Accordingly, Defendant's argument fails.

Defendant also argues that the Court clearly erred when it stated that the Kule-Korgood

& Associates law firm had little experience with fees actions. Mot. at 12-13. Specifically,

Defendant contends "it is clearly erroneous to state that [the law firm has] filed no fees-only

actions or motions . . . ." Mot. at 12. Defendant points out that in recent years, the law firm has

filed other motions similar to that motion for fees in the case at hand. *Id.* at 12-13. Defendant

apparently contends that this alone justifies further reduction in the hours billed to the federal fee

action. *Id.* at 13. This is an overstatement of the Court's analysis.

In its March Opinion, the Court stated that "[a]s an initial matter, the Court recognizes

that Ms. Kule-Korgood and her firm, and Ms. Saideman, have only rarely had to seek fees from a

court in similar actions." March Opinion at 22. The Court relied on sworn affidavits from Ms.

Kule-Korgood and Ms. Saideman in making this observation, and there was nothing in the record

to contradict that. Indeed, Defendant is a party to the actions it now cites, *see* Mot. at 12-13;

Opp. at 10, and did not raise these matters in its original brief. In any event, that Plaintiffs'

attorneys here have filed at least one other fee action does not contradict the Court's observation that these attorneys have "rarely" moved for fees, and "likely had to prepare new original submissions." March Opinion at 22. Nor was that observation central to the Court's ultimate conclusion that the hours were excessive. *Id.* at 23. Defendant therefore has failed to satisfy the strict standard for reconsideration, or otherwise shown a mistake or that relief is necessary to accomplish justice.

Finally, Defendant contends that, in light of the amount awarded with respect to the federal fee action, the Court made the fee action into a "second major litigation" through its award. Mot. at 13-15. In support of this vague argument, Defendant maintains that the fee award is significantly greater than the tuition awarded in the administrative proceeding, and that no reasonable client would have paid that amount. *Id*. at 14. This is the first time Defendant has made that argument, and therefore it is an improper basis for reconsideration. *See, e.g.*, *Zappin v. Supple*, No. 20-cv-05602 (LGS), 2021 WL 5502760, at *1 (S.D.N.Y. Nov. 2, 2021) ("A motion for reconsideration is not an opportunity to add new allegations or make new arguments."). In any event, the value of the ultimate education received by A.K. was considerable. Moreover, the Court applied extensive reductions to the hours billed, many that were requested by Defendant. Indeed, *Hensley v. Eckerhart* – the case cited by Defendant to argue that the Court has created a "second major litigation" – emphasized that a "district court has discretion in determining the amount of a fee award," and that it must "provide a concise but clear explanation of its reasons for the fee award." 461 U.S. 424, 437 (1983). Defendant has not demonstrated anything the Court overlooked, and has not otherwise demonstrated that the Court's analysis was erroneous under the strict standard for reconsideration. The Court

7

exercised its discretion, and clearly explained the bases for its award.  Defendant's final

argument therefore also fails.

### CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion.  The Clerk of Court

is respectfully directed to terminate the motion pending at ECF No. 81.

Dated: May 24, 2023
      New York, New York

SO ORDERED.

_Jennifer Rochon_

JENNIFER L. ROCHON
United States District Judge

8