UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.K., et al.,

       Plaintiffs,

  -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

       Defendant.

Case No. 1:21-cv-07291 (JLR)

**MEMORANDUM
OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

  On March 10, 2023, this Court granted an award of attorneys' fees to Plaintiffs S.K. and G.K., the parents of A.K., a minor with disabilities ("Plaintiffs"), who had brought this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, for fees incurred during their successful effort to secure an appropriate education placement for A.K. *See* ECF No. 79 ("March Opinion"). Specifically, the Court concluded that many of the hourly rates requested by Plaintiffs' attorneys were excessive, and that the total hours expended were also unreasonable. *See id.* at 9, 19-21, 24. Nevertheless, the total award exceeded what Defendant New York City Department of Education ("Defendant" or "DOE") had argued was appropriate. *See generally* ECF No. 67. On March 13, 2023, judgment was entered by the Clerk of Court in favor of Plaintiffs in the amount of $154,096.50. ECF No. 80. On March 27, 2023, Defendant moved for reconsideration under Local Rule 6.3 and Federal Rule of Civil Procedure ("Rule") 60(b). *See* ECF No. 82. The Court denied the motion for reconsideration on May 25, 2023. ECF No. 85 ("May Order"). On June 12, 2023, Plaintiffs filed a supplemental motion for attorneys' fees for work performed to oppose Defendant's motion for reconsideration. *See* ECF

No. 87 ("Supp. Br."). To date, Defendant has not filed an opposition to that motion. Nevertheless, for the reasons that follow, Plaintiffs' motion is DENIED.

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts, which are articulated at length in the Court's March 10, 2023 Opinion, and referenced in the Court's May 25, 2023 Memorandum and Opinion. *See* ECF Nos. 79, 85.

As described in the Court's March Opinion, in an action brought pursuant to the IDEA, the "prevailing party" at the hearing may be awarded reasonable attorneys' fees by the Court. 20 U.S.C. § 1415(i)(3)(B)(i); *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-cv-06851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019). "Such an award may cover work performed in connection with the hearing, before the district court, and on appeal from the district court." *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-cv-04054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Second Circuit has recently reiterated that district courts have significant discretion in determining attorneys' fees in IDEA actions, and the "'essential goal' of fee shifting 'is to do rough justice, not to achieve auditing perfection.'" *H.C. v. N.Y.C. Dep't of Educ.*, --- F.4th ---, No. 21-1582, 2023 WL 4094873, at *1 (2d Cir. June 21, 2023) (internal citation omitted) (affirming series of district court opinions awarding fees in IDEA cases).[1]

---

[1] The Second Circuit also concluded that one district court abused its discretion when it denied *any* travel-related expenses to the plaintiff's counsel in IDEA cases. *H.C.*, 2023 WL 4094873, at *5. The Court here has already awarded Plaintiffs' counsel fees for their travel associated with the administrative hearing, *see* March Opinion at 21, and Plaintiffs' current motion does not request additional fees for travel.

Additionally, as articulated in the Court's March Opinion, "[c]ourts in this District . . . routinely reduce the hours spent on attorneys' fees litigation when those actions concern only the 'simple and straightforward issue' of 'the reasonable amount of fees and costs that Plaintiff's attorneys should be paid for prevailing on behalf of the Plaintiff.'" *J.R. v. N.Y.C. Dep't of Educ.*, No. 19-cv-11783 (RA), 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021).  Courts in this District have reduced hours spent on an attorneys' fees motion by 25%, and sometimes up to 50%.  *See, e.g.*, *M.M. v. N.Y.C. Dep't of Educ.*, No. 10-cv-06915 (ER), 2022 WL 3043218, at *10 (S.D.N.Y. Aug. 2, 2022) (reducing 59.9 hours spent on federal practice by 25%); *M.D. v. New York Dep't of Educ.*, No. 20-cv-06060 (LGS), 2021 WL 3030053, at *6 (S.D.N.Y. July 16, 2021) (reducing 76.2 hours Cuddy Law Firm spent on federal action by 50%), *rev'd on other grounds by H.C.*, 2023 WL 4094873, at *5; *C.L. v. N.Y.C. Dep't of Educ.*, No. 21-cv-07094 (RA), 2022 WL 17156715, at *3-4 (S.D.N.Y. Nov. 22, 2022) (reducing federal action fees by 50%).  In gauging reasonable fees, courts also generally "limit awards for time spent litigating an IDEA fee application to a fraction . . . of the time spent on the underlying administrative proceeding."  *C.L.*, 2022 WL 17156715, at *3-4 (internal brackets omitted) (quoting *G.T. v. N.Y.C. Dep't of Educ.*, No. 18-cv-11262 (GDB) (BCM), 2020 WL 1516403, at *10 (S.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 1503508 (S.D.N.Y. Mar. 30, 2020)).

Plaintiffs now seek an additional $12,124.25 in attorneys' fees for work associated with their opposition to Defendant's motion for reconsideration, and an additional $1,000 for the work associated with filing their supplemental motion for attorneys' fees.  *See generally* Supp. Br.  In a declaration attached to that motion, Ms. Saideman explains that she and her co-counsel at Kule-Korgood & Associates have limited experience in litigating motions for reconsideration,

and therefore needed to conduct new research and review the standards in the Second Circuit. *See* ECF No. 88 ¶¶ 7-9. Plaintiffs primarily contend that these fees are necessary because, by filing the motion for reconsideration, the DOE has unreasonably delayed final judgment in this case, and thereby delayed Plaintiffs' recovery. *See* Supp. Br. at 4-5. While the DOE has not filed any opposition to this motion, the Court is not persuaded that an additional $13,124.25 in fees is appropriate under the circumstances. Consistent with precedent in this Circuit, the Court previously reduced Plaintiffs' hours billed in the instant federal fee litigation by 50%, but that decision still resulted in a large award of $52,110.75 for over 140 hours of work in the fee litigation. *See* March Opinion at 25. Plaintiffs billed an additional 37.39 hours on the opposition to the motion for reconsideration. Supp. Br. at 2-3. But the motion for reconsideration (part of the federal action), did not require significantly new work. As the Court made clear in its May Order denying the motion for reconsideration, Defendant's motion largely re-argued points raised in the Court's March Opinion. *See* May Order at 4-7. Therefore, much of the work required to oppose the DOE's motion for reconsideration was already captured in the Court's original award.

  Moreover, a federal court's determination of fees should not create a second major litigation, and courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838, (2011). Courts in this District have determined that "[i]t is plainly unreasonable for Plaintiffs to receive more in 'fees on fees' [the federal action] than they do for the underlying proceeding itself." *C.L.*, 2022 WL 17156715, at *4. In this case, the fees awarded that relate to the federal action ($52,110.75) already constitute about 50% of the fees awarded with respect to administrative proceeding ($101,985.75). This is a significant award in this District where awards for fee actions generally

"range[] between 8% and 24% of the award for time spent on the [administrative proceeding] case itself." *Id.* (quoting *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018)).  The Court's original award is justified, but the Court will not add additional fees to the federal action merely for a motion for reconsideration.  *See O.R.*, 340 F. Supp. 3d at 371 ("Recognizing district courts' discretion concerning fee petition awards, the Second Circuit has found 'no abuse of discretion in [a] district court's decision to award no fees for the time spent litigating . . . [a] fee petition.'" (quoting *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 20 (2d Cir. 2014)).

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' motion.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 86.

Dated: July 12, 2023
       New York, New York

SO ORDERED.

*/s/ Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge